IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA,**
U.S. Department of Justice
Civil Rights Division
Disability Rights Section
150 M Street, N.E.
Washington, DC  20002

      **Plaintiff,**

      **v.**

**THE NATIONAL RAILROAD
PASSENGER CORPORATION
(AMTRAK),**
60 Massachusetts Avenue, N.E.
Washington, DC  20002

      **Defendant.**

**CIVIL ACTION NO.:** 1:20-cv-3505

**COMPLAINT**

**JURY TRIAL DEMANDED**

## INTRODUCTION

1.     The United States brings this action against Defendant, the National Railroad

Passenger Corporation (Amtrak), to enforce Title II of the Americans with Disabilities Act of

1990, as amended (ADA), 42 U.S.C. §§ 12131-12165, and its implementing regulation,

49 C.F.R. Pt. 37.

2.     Defendant violated and continues to violate the ADA and its implementing

regulation by failing to make existing stations in its intercity rail transportation system, for which

it is responsible, readily accessible to and usable by individuals with disabilities, including

individuals who use wheelchairs, as soon as practicable after July 26, 1990, but in no event later

than July 26, 2010.  42 U.S.C § 12162(e)(2)(A); 49 C.F.R. §§ 37.43 and 37.55.  "Stations"

includes buildings (comprised of designated waiting areas, ticketing areas, restrooms, concessions, etc.), passenger platforms, and parking.  42 U.S.C. § 12161(6); 49 C.F.R. § 37.3.

## BACKGROUND

3.       Congress enacted the ADA in 1990 "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1).  In enacting the ADA, Congress found that discrimination against individuals with disabilities persists in transportation.  *See* 42 U.S.C. § 12101(a)(3).

4.       The ADA states that no qualified individual with a disability shall, because of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by a public entity. 42 U.S.C. § 12132.

5.       In commencing this action under the ADA, the United States seeks to end Amtrak's decades-long failure to make its stations accessible to individuals with disabilities so that they can fully participate in and benefit from Amtrak's transportation services.  *See* 42 U.S.C. § 12133.

## JURISDICTION AND VENUE

6.       This Court has jurisdiction over this action under the ADA, 42 U.S.C. § 12133, and 28 U.S.C. §§ 1331, 1343(a), and 1345, because it involves claims arising under federal law and is commenced by the United States.

7.       The Court may grant the relief sought in this action pursuant to 28 U.S.C. §§ 2201-2202 and 42 U.S.C. § 12133.

8.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Amtrak is headquartered in this district, operates and resides in this district, and a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

9.      Plaintiff is the United States of America.

10.      Defendant Amtrak is a provider of intercity rail transportation service.

## ADA

11.      Amtrak is a "public entity" subject to the ADA and its implementing regulation, 42 U.S.C. § 12131(1)(C) and 49 C.F.R. Part 37.

12.      The ADA required Amtrak to make its existing stations in its intercity rail transportation system readily accessible to and usable by individuals with disabilities, no later than July 26, 2010.  42 U.S.C. § 12162(e)(2)(A); 49 C.F.R. §§ 37.43 and 37.55.

13.      To make its existing stations readily accessible to and usable by individuals with disabilities, Amtrak must comply with the Department of Transportation Standards for Accessible Transportation Facilities (DOT Standards).  49 C.F.R. §§ 37.9, 37.43(a)(3), and 49 C.F.R. Part. 37, App. A.

## FACTS

### AMTRAK RAIL SERVICE

14.      Amtrak provides intercity rail transportation services within the meaning of the ADA to passengers, including passengers with disabilities.  *See* 42 U.S.C. §§ 12131(1)(C), 12161(3).

15.     Amtrak operates more than 300 trains each day on 30 routes and connects more than 500 destinations in 46 states.

16.     In Fiscal Year 2019 (October 2018-September 2019), Amtrak had $3.3 billion in revenue and a total ridership of 32.5 million passenger trips.

## COMPLAINTS AGAINST AMTRAK

17.     The United States Department of Justice opened an investigation of Amtrak under Title II of the ADA following receipt of complaints in 2011 and 2012 from individuals with disabilities alleging that certain Amtrak stations are inaccessible.

18.     The Department also received a complaint in 2013 from the National Disability Rights Network (NDRN), the nonprofit membership organization for the federally mandated Protection and Advocacy (P&A) Systems and Client Assistance Programs (CAP) for individuals with disabilities.  P&As and CAPs work to improve the lives of people with disabilities, including by ensuring access and accountability in health care, education, employment, housing, transportation, voting, and within the juvenile and criminal justice systems.  The complaint included an NDRN-generated report alleging that Amtrak stations across the country were inaccessible in violation of the ADA.  NDRN based its report on more than 100 on-site surveys conducted in the summer of 2013 of Amtrak stations across the country.  NDRN alleged ADA violations of the DOT Standards at stations for which Amtrak was responsible.

## LETTER OF FINDINGS

19.     On June 9, 2015, the Department issued a Letter of Findings (LOF) notifying Amtrak of the Department's determination that Amtrak failed to comply with the ADA.  The LOF notified Amtrak that it had failed to make its existing stations readily accessible to and

usable by individuals with disabilities, including individuals who use wheelchairs, and of

necessary remedies to bring its services, programs, and activities into compliance with the ADA.

## INACCESSIBLE STATIONS

20.     As of July 27, 2010, Amtrak failed to make its stations readily accessible to and

usable by individuals with disabilities, including those who use wheelchairs, as prescribed by the

DOT Standards with respect to parking, routes from accessible parking to buildings, building

entrances, waiting areas, elevators, toilet rooms, signs, routes from buildings to passenger

platforms, passenger platforms, passenger platform heights, and track crossings, including as

alleged in paragraphs 21 through 31.

21.     **Parking.** As of July 27, 2010, Amtrak failed to make parking readily accessible

to and usable by individuals with disabilities as prescribed by the DOT Standards, including at

the following stations:  Tuscaloosa, Alabama; Little Rock, Arkansas; Malvern, Arkansas;

Texarkana, Arkansas; Grand Junction, Colorado; Windsor, Connecticut; Winter Haven, Florida;

Atlanta, Georgia; Waterloo, Indiana; Newton, Kansas; Red Wing, Minnesota; Jefferson City,

Missouri; Malta, Montana; Plattsburgh, New York; Rhinecliff, New York; Rochester, New

York; Williston, North Dakota; Pittsburgh, Pennsylvania; Charleston, South Carolina; Florence,

South Carolina; Marshall, Texas; and Lorton, Virginia.  For example, parking spaces at some

stations were not located on the shortest accessible route from parking to the accessible building

entrance, violating DOT Standards § 208.3.1.  Some stations had parking spaces without access

aisles, violating DOT Standards §§ 208.1, 208.2, and 502.2.  Certain stations had parking spaces

with access aisles that were not adjoining an accessible route, violating DOT Standards §§ 208.1,

208.2, 502.2, and 502.3.  Some stations had parking spaces with access aisles that were too

narrow, violating DOT Standards §§ 208.1, 208.2, 502.2, and 502.3.1.  Certain stations had

parking spaces with access aisles that were not demarcated, violating DOT Standards §§ 208.1, 208.2, 502.2, and 502.3.3.  A number of stations had parking spaces and access aisles with surfaces that were not stable, firm, and slip resistant, violating DOT Standards §§ 208.1, 208.2, 302.1, 502.2, and 502.4.  Also, several stations had parking spaces that lacked accessible signage, violating DOT Standards §§ 208.1, 208.2, and 502.6.

22.    **Routes from Accessible Parking to Buildings.**  As of July 27, 2010, Amtrak failed to make the routes from accessible parking, public streets, sidewalks, and public transportation stops to the entrances of buildings accessible to individuals with disabilities as prescribed by the DOT Standards, including at the following stations:  Tuscaloosa, Alabama; Little Rock, Arkansas; Texarkana, Arkansas; Grand Junction, Colorado; Windsor, Connecticut; Winter Haven, Florida; Atlanta, Georgia; Waterloo, Indiana; Red Wing, Minnesota; Williston, North Dakota; Pittsburgh, Pennsylvania; Charleston, South Carolina; Florence, South Carolina; and Marshall, Texas.  For example, the running slopes and cross slopes of some walking surfaces and ramps were too steep, violating DOT Standards §§ 206.1, 206.2.1, 303.4, 402.1, 403.3, 403.4, 405.1, and 406.1.  Some routes were too narrow, violating DOT Standards §§ 206.1, 206.2.1, 402.1, and 403.5.  The surfaces along certain routes were not stable, firm, and slip resistant, violating DOT Standards §§ 206.1, 206.2.1, 302.1, and 403.2.  Certain routes lacked curb ramps, violating DOT Standards §§ 206.1, 206.2.1, 303.4, 403.4, and 406.1.  Some of the routes had ramps with no edge protection, violating DOT Standards §§ 206.1, 206.2.1, 303.4, and 405.9.  Certain routes had ramps with no handrails, violating DOT Standards §§ 206.1, 206.2.1, 303.4, and 405.8.  Some curb ramps projected into vehicular traffic lanes, violating DOT Standards §§ 206.1, 206.2.1, 303.4, and 406.5.  Several routes had objects protruding more

than four inches into the circulation paths without a cane detectable barrier, violating DOT Standards §§ 204.1, 307.2, and 307.5.

23.     **Building Entrances.**  As of July 27, 2010, Amtrak failed to make building entrances readily accessible to and usable by individuals with disabilities as prescribed by the DOT Standards, including at the following stations:  Tuscaloosa, Alabama; Little Rock, Arkansas; Texarkana, Arkansas; Grand Junction, Colorado; Winter Haven, Florida; Atlanta, Georgia; Macomb, Illinois; Mount Pleasant, Iowa; Newton, Kansas; Red Wing, Minnesota; St. Cloud, Minnesota; Jefferson City, Missouri; La Plata, Missouri; Malta, Montana; Plattsburgh, New York; Rhinecliff, New York; Williston, North Dakota; Pittsburgh, Pennsylvania; Charleston, South Carolina; Florence, South Carolina; and Lorton, Virginia.  For example, the entrances at certain of these buildings had door openings that were too narrow, violating DOT Standards §§ 206.4, 404.1, and 404.2.3.  Some of these building entrances had doors with maneuvering clearances that were too small, violating DOT Standards §§ 206.4, 404.1 and 404.2.4.  Certain entrances had maneuvering clearances with slopes that were too steep, violating DOT Standards §§ 206.4, 404.1 and 404.2.4.4.  Some entrance doorway thresholds were too high, violating DOT Standards §§ 206.4, 404.1, and 404.2.5.  Specific exterior door hardware was mounted too low, violating DOT Standards §§ 206.4, 404.1, and 404.2.7.  Certain entrance door hardware required tight grasping, pinching, or twisting of the wrist, violating DOT Standards §§ 206.4, 404.1, 309.4, and 404.2.7.

24.     **Waiting Areas.**  As of July 27, 2010, Amtrak failed to make waiting areas readily accessible to and usable by individuals with disabilities as prescribed by the DOT Standards, including at the following stations:  Little Rock, Arkansas; Texarkana, Arkansas; Grand Junction, Colorado; Winter Haven, Florida; Atlanta, Georgia; Rochester, New York; Williston,

North Dakota; Pittsburgh, Pennsylvania; Charleston, South Carolina; Florence, South Carolina; and Lorton, Virginia.  For example, routes throughout the waiting areas at particular stations had excessive cross slopes, violating DOT Standards §§ 206.1, 206.2.4, 402.1, and 403.3.  Certain routes to and through the waiting areas were too narrow, violating DOT Standards § 206.1, 206.2.4, 402.1, and 403.5.  Ramps to some waiting areas had handrails that did not extend past the end of the ramp, violating DOT Standards §§ 206.1, 206.2.4, 402.1, 405.8, and 505.10. Some ramps to waiting areas had a handrail that was only provided on one side, violating DOT Standards §§ 206.1, 206.2.4, 402.1, 405.8, 505.1, and 505.2.  Also, ticket counters in certain waiting areas were too high, violating DOT Standards §§ 227.1, 227.3, and 904.4.  Various waiting areas lacked visual fire alarms, violating DOT Standards §§ 215.1, 215.2, and 702.1.

25.     **Elevators.**  As of July 27, 2010, Amtrak failed to make elevators readily accessible to and usable by individuals with disabilities as prescribed by the DOT Standards, including at the following stations:  Atlanta, Georgia; Pittsburgh, Pennsylvania; and Marshall, Texas.  In Atlanta, Georgia, the elevator car visible position indicator and visible signal at each hoistway entrance did not operate, violating DOT Standards §§ 206.1, 206.2.3, 402.1, 407.2.2.1, and 407.4.8 and 49 C.F.R. § 37.161.  In Pittsburgh, Pennsylvania, the elevators lacked visible hall signals that could indicate which elevator car was arriving and had in-car signals that were not visible from the area adjacent to the hall call button, had no visible car position indicator in the elevator cab, and the emergency communication systems were not identified with tactile symbols, violating DOT Standards §§ 206.1, 206.2.3, 402.1, 407.1, 407.2.2.1, 407.4.8, and 407.4.9.  The elevator in Marshall, Texas, was not operable, violating DOT Standards §§ 206.1, 206.2.3, 402.1, 407.1 and 49 C.F.R. § 37.161.

26.     **Toilet Rooms.**  As of July 27, 2010, Amtrak failed to make toilet rooms in

buildings readily accessible to and usable by individuals with disabilities as prescribed by the

DOT Standards, including at the following stations:  Birmingham, Alabama; Tuscaloosa,

Alabama; Little Rock, Arkansas; Grand Junction, Colorado; Winter Haven, Florida; Atlanta,

Georgia; Effingham, Illinois; Homewood, Illinois; Princeton, Illinois; Mount Pleasant, Iowa;

Newton, Kansas; Red Wing, Minnesota; St. Cloud, Minnesota; Jefferson City, Missouri; Malta,

Montana; Plattsburgh, New York; Rhinecliff, New York; Rochester, New York; Williston, North

Dakota; Pittsburgh, Pennsylvania; Charleston, South Carolina; Florence, South Carolina;

Marshall, Texas; and Lorton, Virginia.  For example, some station toilet room doors lacked

maneuvering clearance for wheelchairs, violating DOT Standards §§ 206.5.2 and 404.2.4.  Some

station toilet room doors had hardware that required tight grasping, pinching, and twisting of the

wrist to operate, violating DOT Standards §§ 206.5.2 and 404.2.7.  Certain station toilet room

door openings were too narrow, violating DOT Standards §§ 206.5.2 and 404.2.3.  Some stations

had toilet rooms with water closet seats that were too high, violating DOT Standards §§ 213.3.2

and 604.4.  In water closets at some stations, the flush controls were not on the open side of the

water closet, violating DOT Standards §§ 213.3.2 and 604.6.  Certain toilet rooms had lavatories

with insufficient knee or toe clearance, violating DOT Standards §§ 213.3.4 and 606.2.  The

lavatory faucet hardware in some toilet rooms was not operable without tight grasping, pinching,

or twisting of the wrist, violating DOT Standards §§ 213.3.4, 309.4, and 606.4.  The water

supply and drain pipes under certain lavatories were not insulated or otherwise configured to

protect against contact, violating DOT Standards §§ 213.3.4 and 606.5.  The lavatories in some

toilet rooms were too high, violating DOT Standards §§ 213.3.4 and 606.3.   In some toilet

rooms, the bottom of the mirror-reflecting surfaces were too high, violating DOT Standards

§§ 213.3.5 and 603.3.  There were also objects in various toilet rooms protruding more than four

inches into the circulation path without a cane detectable barrier, violating DOT Standards §§ 204.1 and 307.1.

27.    **Signs.**  As of July 27, 2010, Amtrak failed to make signs readily accessible to and usable by individuals with disabilities as prescribed by the DOT Standards, including at the following stations:  Little Rock, Arkansas; Texarkana, Arkansas; Grand Junction, Colorado; Winter Haven, Florida; Atlanta, Georgia; Waterloo, Indiana; Williston, North Dakota; Pittsburgh, Pennsylvania; Charleston, South Carolina; Florence, South Carolina; and Lorton, Virginia.  For example, at certain stations Amtrak failed to provide directional signage at inaccessible building entrances indicating the location of the nearest accessible entrance, violating DOT Standards § 216.6.  Also, at some buildings Amtrak provided inaccessible interior signs identifying permanent rooms and spaces, violating DOT Standards §§ 216.2, 703.1, 703.2, and 703.5.  At the passenger platforms for some of these buildings, Amtrak provided signs without raised characters on the platform identifying a station or its entrance, violating DOT Standards §§ 218.3 and 810.6.1.  At certain stations, Amtrak failed to provide station identification signs that were clearly visible and within the sight lines of standing and sitting passengers from within the vehicle on both sides when not obstructed by another train, violating DOT Standards §§ 218.3 and 810.6.3.

28.    **Routes from Buildings to Passenger Platforms.**  As of July 27, 2010, Amtrak failed to make routes from buildings to passenger platforms readily accessible to and usable by individuals with disabilities as prescribed by DOT Standards, including at the following stations: Malvern, Arkansas; New London, Connecticut; Winter Haven, Florida; Waterloo, Indiana; Red Wing, Minnesota; Florence, South Carolina; Ashland, Virginia; Fredericksburg, Virginia; and Lorton, Virginia.  For example, several routes from buildings to passenger platforms had

openings in the floor or ground surfaces that were too wide, violating DOT Standards §§ 206.2.4, 302.3, 402.1, and 403.2.  Some routes had running slopes that were too steep, violating DOT Standards §§ 206.2.4, 402.1, and 403.3.  Certain routes had steps or other vertical changes in level that were too great, violating DOT Standards §§ 206.2.4, 303.4, 402.1, and 403.4.  Various routes had objects protruding more than four inches into the circulation path without a cane detectable barrier, violating DOT Standards §§ 204.1 and 307.1.

29.    **Passenger Platforms.**  As of July 27, 2010, Amtrak failed to make passenger platforms readily accessible to and usable by individuals with disabilities as prescribed by the DOT Standards, including at the following stations:  Birmingham, Alabama; Little Rock, Arkansas; Texarkana, Arkansas; Grand Junction, Colorado; New London, Connecticut; Windsor, Connecticut; Tampa, Florida; Winter Haven, Florida; Atlanta, Georgia; Centralia, Illinois; Effingham, Illinois; Homewood, Illinois; Macomb, Illinois; Mattoon, Illinois; Princeton, Illinois; Waterloo, Indiana; Dowagiac, Michigan; Hudson, New York; Plattsburgh, New York; Rhinecliff, New York; Williston, North Dakota; Pittsburgh, Pennsylvania; Charleston, South Carolina; Florence, South Carolina; Temple, Texas; Ashland, Virginia; Williamsburg, Virginia; Charleston, West Virginia; and Martinsburg, West Virginia.  For example, several passenger platforms had running and cross slopes that were too steep, violating DOT Standards §§ 218.3 and 810.5.1.  Some passenger platforms had no detectable warnings at the boarding edges, violating DOT Standards §§ 218.3 and 810.5.2.  Particular passenger platforms had floor and ground surfaces that were not stable, firm, and slip resistant, violating DOT Standards §§ 206.2.4, 302.1, 402.1, and 403.2.  Various passenger platforms had objects protruding more than four inches into the circulation path without a cane detectable barrier, violating DOT Standards §§ 204.1 and 307.1.  Particular passenger platforms had surfaces that were in disrepair,

violating DOT Standards §§ 206.2.4, 402.1, and 403.2 and 49 C.F.R. § 37.161.

30.     **Passenger Platform Heights and Gaps.**  As of July 27, 2010, Amtrak failed to make the passenger platforms readily accessible to and usable by individuals with disabilities as prescribed by the DOT Standards, including at the following stations:  Little Rock, Arkansas; Texarkana, Arkansas; Winter Haven, Florida; Atlanta, Georgia; Red Wing, Minnesota; Williston, North Dakota; Charleston, South Carolina; Florence, South Carolina; and Ashland, Virginia.  At these stations, Amtrak had excessive horizontal gaps or vertical height differences between the passenger platforms and the rail car floors, violating DOT Standards §§ 218.3 and 810.5.3 and 36 C.F.R. § 1192.113(d).

31.     **Track Crossings.**  As of July 27, 2010, Amtrak failed to make track crossings readily accessible to and usable by individuals with disabilities as prescribed by the DOT Standards, including at the following stations:  Grand Junction, Colorado; Atlanta, Georgia; Princeton, Illinois; Waterloo, Indiana; Mount Pleasant, Iowa; Ottumwa, Iowa; Newton, Kansas; La Plata, Missouri; and Ashland, Virginia.  For example, certain track crossings were not stable, firm, and slip resistant, violating DOT Standards §§ 218.3, 302.1, 402.1, and 810.10.  Some track crossings had cross slopes that were too steep, violating DOT Standards §§ 218.3, 402.1, 403.3, and 810.10.  Some track crossings had vertical changes in level that were too great, violating DOT Standards §§ 218.3, 402, 403.4, 810.10.  In addition, some track crossings had openings for wheel flanges that were too wide, violating DOT Standards §§ 218.3 and 810.10.

32.     Amtrak's failure nationwide to make its existing stations readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, as prescribed by the DOT Standards and required by the ADA, harmed individuals with disabilities across the country who use or seek to use Amtrak's transportation services.

33.     Amtrak's failures nationwide to make its existing stations readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, continue today, and these failures continue to harm individuals with disabilities across the country who use or seek to use Amtrak's transportation services.

## CAUSE OF ACTION
## VIOLATION OF THE ADA

34.     The United States re-alleges and incorporates by reference the allegations set forth in all the preceding paragraphs.

35.     Amtrak's actions in failing to make its existing stations readily accessible to and usable by individuals with disabilities as soon as practicable and by no later than July 26, 2010, constitute discrimination in violation of the ADA, and its implementing regulation. 42 U.S.C. §§ 12132 and 12162(e)(2)(A); 49 C.F.R. §§ 37.43 and 37.55.

36.     Individuals have been harmed and continue to be harmed by Amtrak's failure to make its existing stations readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, and are entitled to damages to include compensatory damages and damages for emotional distress, humiliation, delay, and inconvenience. 42 U.S.C. § 12133.

37.     Amtrak acted intentionally by failing to make its existing stations accessible.

38.     Unless restrained by this Court, Amtrak will continue to violate the ADA and cause harm to individuals with disabilities.

## **PRAYER FOR RELIEF**

The United States prays that the Court:

A.      Grant judgment in favor of the United States and declare that Amtrak has violated the ADA, 42 U.S.C. §§ 12131-12165, and its implementing regulation, 49 C.F.R. Part 37.

B.      Enjoin Amtrak, and its officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with Amtrak, from engaging in discriminatory policies and practices against individuals based on disability, and specifically from failing or refusing to comply with the requirements of the ADA, 42 U.S.C. §§ 12131-12165, and its implementing regulation, 49 C.F.R. Part 37.

C.      Order Amtrak, and its officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with Amtrak, to make the existing stations for which it is responsible readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs.  42 U.S.C. §§ 12131-12165, 49 C.F.R. Part 37.

D.      Award compensatory damages, including damages for emotional distress, to persons aggrieved by Amtrak's failure to comply with the ADA, 42 U.S.C. §§ 12131-12165, and its implementing regulation, 49 C.F.R. Part 37.  42 U.S.C. § 12133.

E.      Order all other appropriate relief.

## JURY DEMAND

The United States hereby demands a trial by jury on all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted this the ___2nd___ day of ___December_____, 2020.


FOR THE UNITED STATES:


MICHAEL R. SHERWIN
Acting United States Attorney
District of Columbia

DANIEL F. VAN HORN
D.C. BAR #924092
Chief, Civil Division


/s/ John C. Truong
_____
JOHN C. TRUONG
D.C. BAR #465901
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC 20530
Tel: (202) 252-2524
John.Truong@usdoj.gov


*Eric S. Dreiband*
_____
ERIC S. DREIBAND
Assistant Attorney General
Civil Rights Division

CYNTHIA M. McKNIGHT
Deputy Assistant Attorney General
Civil Rights Division

REBECCA B. BOND
Chief
KATHLEEN P. WOLFE
Special Litigation Counsel
KEVIN J. KIJEWSKI
Deputy Chief
Disability Rights Section
Civil Rights Division


_____
DAVID W. KNIGHT
FELICIA L. SADLER
D.C. BAR #452011
Trial Attorneys
Disability Rights Section
Civil Rights Division
U.S. Department of Justice
150 M Street, N.E.
Washington, DC  20002
Telephone: (202) 616-2110
David.Knight@usdoj.gov
Felicia.Sadler@usdoj.gov